IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RETA RANDLE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-191-MJT |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION ON PLAINTFF RETA RANDLE'S
MOTION FOR CIVIL CONTEMPT AND SANCTIONS (Doc. #35)**

Pursuant to 28 U.S.C. §636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred Plaintiff's Motion for Civil Contempt and Sanctions (doc. #35) to the undersigned magistrate judge for consideration and disposition. (Doc. #36); *see* 28 U.S.C. §636(b)(1); E.D. TEX. LOCAL R. CV-72.

**I.    Background**

On March 25, 2024, the court referred Plaintiff's Motion to Compel to the undersigned for consideration and disposition. (Docs. #8, #10); *see* 28 U.S.C. §636(b)(1); E.D. TEX. LOCAL R. CV-72. At issue were Requests Nos. 10 and 14 from Plaintiff's First Request for Production. On May 15, 2024, the undersigned entered an Order on Discovery (doc. #22) denying Plaintiff's request for Defendant's written policies and procedures but granting Plaintiff's request that Defendant "[p]roduce all documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling this claim that are related to the adjustment of this types of claim [sic]." (Docs. #8, #22.) On May 30, 2024, Defendant filed objections (doc. #26) to the discovery order. In response, Plaintiff filed a Corrected Motion to Strike (doc. #29) the objections on June

14, 2024, followed by the instant Motion (doc. #35) on July 23, 2024.  On August 16, 2024, the court entered an Order (doc. #39) overruling Defendant's objections and ordering Defendants to comply with the undersigned's discovery order (doc. #22) within 10 days of the court's Order. Plaintiff's Motion for Civil Contempt and Sanctions (doc. #35) is now ripe for review.

## II.     Discussion

Plaintiff motions the court to hold Defendant in contempt and impose sanctions for Defendant's alleged failure to comply with the undersigned's May 15, 2024, discovery order. (Docs. #22, #35 at 2, 5.)  However, in light of the court addressing and overruling Defendant's objections to the discovery order, and extending Defendant's compliance window to August 26, 2024 (doc. #39), the undersigned finds Plaintiff's grounds for relief mooted.

## III.    Conclusion

Because the court's August 16, 2024, Order (*id.*) pushed back Defendant's deadline to comply with the undersigned's discovery order (doc. #22) to August 26, 2024, Plaintiff's instant Motion (doc. #35) should be dismissed as moot, subject, however, to refiling after Defendant's compliance with the court's Order.

## IV.    Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Civil Contempt and Sanctions (doc. #35) be **DISMISSED** as moot, subject to refiling after Defendant's compliance with the court's Order. (Doc. #39.)

## V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. §636(b)(1)(C).  To be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Without leave of court, **objections are limited to eight (8) pages**. E.D. TEX. LOC. R. CV-72(c).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 21st day of August, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE